UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CURTIS ELLISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:11-cv-1568-TWP-DML |
| | ) | |
| KEITH BUTTS, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Petitioner Curtis Ellison is a state prisoner who was disciplined in a proceeding identified as No. ISR 11-01-0120, for violating prison rules on January 26, 2011, by possessing an unauthorized electronic device. Mr. Ellison seeks a writ of habeas corpus and contends that the challenged action is constitutionally infirm.

Having considered, the pleadings and the expanded record, and being duly advised, the court finds that Mr. Ellison's petition for writ of habeas corpus must be denied and the action dismissed. This conclusion rests on the following facts and circumstances:

1.     The writ Mr. Ellison seeks can be issued only if the court finds that he Ais in custody in violation of the Constitution or laws or treaties of the United States.@ 28 U.S.C. ' 2254(a).

2.     Mr. Ellison has a protected liberty interest in his good-time credits and credit-earning class and may not be deprived of either without the minimum

requirements of due process. *Piggie v. McBride,* 277 F.3d 922, 924 (7th Cir. 2002)(per curiam); *Montgomery v. Anderson,* 262 F.3d 641, 645 (7th Cir. 2001). In this context, due process consists of advance written notice of the charges, *see Wolff v.McDonnell,* 418 U.S. 539, 564 (1974), a limited right to call witnesses and produce documentary evidence, *id.* at 566-67, a right to be heard before an impartial decision maker, *id.* at 570-71, and a written statement as to the evidence relied on and reasons for the disciplinary action, *id.* at 563-64, that is supported by "some evidence" in the record. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 455 (1985); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). The "some evidence" standard requires no more than "a modicum of evidence," and the decision of the prison disciplinary board will be upheld if there is any evidence to support the finding of guilt. *Id.* (citing *Hill,* 472 U.S. at 455).

3. The evidence favorable to the decision of the hearing officer is that on January 26, 2011, "Officer JC Jackson, conducted a search of Offender Ellison 933762 and his cell E1-103. As [Officer Jackson] entered the cell Offender Ellison threw his phone in the toilet and flushed it. The offender then gave [Officer Jackson] a charger that was inside of his pocket. Nothing else was found inside of the offender's cell."

4. Under *Wolff* and *Hill,* Mr. Ellison received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Mr. Ellison was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board

issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions imposed.

     5.    "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Ellison to the relief he seeks. Mr. Ellison's arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. This includes his claims that he was denied the opportunity to present witnesses and that there was insufficient evidence to support the hearing officer's decision. As previously stated, only "some evidence" is required. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

     **IT IS SO ORDERED.**

Date: 10/12/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Curtis Mr. Ellison
#933762
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Linda.Leonard@atg.in.gov